UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| James Kiker Jr, <br>     Plaintiff, <br> v. <br> EQUIFAX INFORMATION SERVICES LLC, <br>     Defendants. | ) JURY TRIAL DEMANDED <br> ) <br> ) <br> ) Case No. 3:26-cv-00036 <br> ) <br> ) <br> ) <br> ) <br> ) |

COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. Plaintiff James Kiker Jr., brings this civil action against EQUIFAX INFORMATION SERVICES LLC through counsel, seeking actual damages, statutory damages, costs, and attorney's fees following violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

### II. JURISDICTION AND VENUE

2. This District obtains subject matter jurisdiction over Plaintiff's claims pursuant to 15 U.S.C. § 1681p, which provides for jurisdiction of actions arising under the FCRA.

3. Defendant EQUIFAX INFORMATION SERVICES LLC (hereinafter as "Equifax") is a consumer reporting agency subject to the requirements of the FCRA and is therefore subject to the jurisdiction of this Court.

4. Venue is proper as the Plaintiff lives in Union County, North Carolina and the conduct described in this action occurred in this District.

### III. IDENTIFICATION OF PARTIES

5. James Kiker Jr (hereinafter as "Mr. Kiker") is a natural person participating in the credit industry. Mr. Kiker is a consumer as defined by 15 U.S.C. § 1681a(c) and currently resides in Union County, North Carolina.

6. According to the North Carolina Secretary of State records, Equifax is a Georgia based corporation. Equifax's primary business address is 1550 Peachtree Street NW, Atlanta, GA 30309.

7. Equifax's registered agent is Corporation Service Company. Its principal address is 2626 Glenwood Avenue, Suite 550, Raleigh, NC 27608.

8. Equifax operates as a nationwide Consumer Reporting Agency ("CRA") under the definition set out in 15 U.S.C. § 1681a(f). For a fee or through cooperative arrangements, it regularly collects and analyzes credit and consumer data, then sells or provides that information to third parties in the form of consumer reports. In doing so, Equifax makes use of interstate commerce channels such as the mail and the internet. Because of this, Equifax is directly subject to the requirements of the FCRA and is fully aware of the legal duties placed on it by federal law.

## IV. FACTS AND ALLEGATIONS

9. On or about June 10, 2025, Mr. Kiker requested and obtained a copy of his consumer disclosure from Equifax through the online portal that Equifax uses known as annualcreditreport.com. The Equifax Confirmation number is 5161605620.

10. When Mr. Kiker reviewed the disclosure, he noticed there was a significant amount of incomplete and inaccurate information contained in the disclosure.

11. Mr. Kiker's plan was to verify the information contained in his file and to dispute any inaccurate information that may interfere with his creditworthiness.

12. The incomplete and inaccurate information in the disclosure prevented Mr. Kiker from being able to verify or dispute the adverse accounts in his file.

13. Some of the fields omitted by Equifax in Mr. Kiker's disclosure include account numbers, date of last activity, actual payment amount, charge off amount and original creditors. Equifax failed to disclose complete payment history for multiple accounts.

14. The omissions made by Equifax are in direct violation of 15 U.S.C. § 1681g(a)(1) as it possessed or should have possessed the information omitted from Mr. Kiker's disclosure.

15. The accounts information shown (with some accounts dating back to 2021) on Mr. Kiker's disclosures are inaccurate and incomplete.

16. This violation of 15 U.S.C. § 1681g(a)(1), committed by Equifax has caused a great amount of harm to Mr. Kiker, including statutory rights deprivation, financial hardships, risk of disproportionate adverse results when applying for extensions of credit, a deterrence of involvement in the credit industry, worry that his credit rating had been subject to irrevocable damage, anxiety pertaining to his financial and personal future, and fear of operating in an economy that is so reliant on a consumer's credit history.

## V. LEGAL FRAMEWORK AND OBLIGATION

17. Consumers receiving full and complete file information plays a vital role in their ability to identify, investigate and dispute inaccuracies in their file. 15 U.S.C. § 1681g(a)(1), mandates that every consumer reporting agency shall, upon request, clearly and accurately disclose to the consumer all information in the consumer's file.

18. The tradelines that Mr. Kiker noticed that were inaccurate and incomplete were JPMCB Auto Finance, Wells Fargo Bank Card Services, Credit One Bank, Jefferson Capital LLC, and Rev Federal Credit Union.

19. The JPMCB AUTO FINANCE tradeline entry contained missing information. The account number shown (*4708) is incomplete. The "Date of Last Activity" field is blank despite a payment being made as recently as April 2025. The "Actual Payment Amount" is blank. Additionally, the "24 Month History" does not show 24 months and has blank sections in the field.

20. The WELLS FARGO BANK CARD tradeline entry contained missing information. The account number shown (*4727) is incomplete. The "Term Duration" and nine other fields are blank. In the "Payment History", disclosures do not begin until April 2020 while the account was opened in May 2019. Additionally, the "24 Month History" does not show 24 full months of data and has incomplete data, leaving out payment information for months.

21. The CREDIT ONE BANK tradeline entry contained missing information. The account number shown (*9052) is incomplete. The "Date of Last Activity" and nine other fields are blank. Additionally, the "24 Month History" does not show 24 months of information while showing incomplete data throughout the fields shown.

22. The JEFFERSON CAPITAL LLC tradeline entry contained missing information. The account number shown (*0705) is incomplete. The "Date of Last Activity" and 13 other fields are blank. In the "Payment History", disclosures do not begin until February, 2024 while the account was opened in December, 2023. Additionally, the "24 Month History" does not show 24 months of information while showing incomplete data throughout. Most importantly, Equifax did not disclose the original creditor. JEFFERSON CAPITAL LLC is a third party debt collection company and purchased the rights to collect this debt from another company.

23. The REV FEDERAL CREDIT UNION tradeline entry contained missing information. The account number shown (*0040) is incomplete. The "Date of Last Activity" and seven other disclosures are missing in this field.

## VI. DAMAGES SUSTAINED FROM EQUIFAX'S OMISSIONS

24. The toll on Mr. Kiker is undeniable. His creditworthiness has been directly harmed. Missing data made it impossible for him to identify and dispute inaccurate items, which led to financial hardship, credit denials, and unfavorable loan terms.

## VII. FIRST CLAIM FOR RELIEF VIOLATION OF 15 U.S.C. § 1681g(a)(1)
## Failing to clearly and accurately disclose all credit information

25. Mr. Kiker adopts and incorporates all prior paragraphs as though fully set forth here.

26. Equifax violated 15 U.S.C. § 1681g(a)(1) when responding to Mr. Kiker's disclosure request by failing to provide a complete and accurate report of the information in his file. Instead of supplying the full records required by Congress, Equifax delivered disclosures that left out important and necessary information.

27. Under 15 U.S.C. § 1681n, Equifax is liable to Mr. Kiker for either his actual damages or statutory damages of up to $1,000 per violation, along with costs and reasonable attorney's fees.

28. The disclosure Equifax produced contained significant gaps, including missing balance histories, incomplete payment records, partial account numbers, and other absent account details. Each missing piece represents a separate violation of the FCRA.

29. Even if Equifax's actions are not considered willful, they were at the very least negligent. As such, Equifax remains liable under 15 U.S.C. § 1681o for Mr. Kiker's actual damages and the costs of bringing this action.

WHEREFORE, Mr. Kiker respectfully requests that the Honorable Court enter judgment against Equifax for:

   a. The greater of statutory damages of $1,000 per incident and Mr. Kiker' actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or Mr. Kiker' actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

   b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

   c. Costs pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and reasonable attorneys fees pursuant to 15 U.S.C. § 1681n(c), and;

   d. Such other relief that this Court deems just and proper.

Respectfully submitted on January 15, 2026, by:

                                                    */s/ Marcel A. McCrea*

Marcel A. McCrea, Esq.
Clearview Legal
PO Box 680128
Charlotte, NC 28216
T.: 980.225.9072
F: 980.225.9080
E: marcel@clearview.legal
COUNSEL FOR PLAINTIFF

Page **8** of **13**
Case 3:26-cv-00036-MEO-DCK    Document 1    Filed 01/15/26    Page 8 of 13

# EXHIBITS

**EXHIBIT A: JPMCB AUTO FINANCE**


## JPMCB AUTO FINANCE

700 KANSAS LANE, MAIL CODE LA 44025, MONROE, LA 71203 | (800) 336-6675
**Account Number:** *4708  **Owner:** Individual Account
**Loan/Account Type:** Auto | **Status:** 60 - 89 Days Past Due

**Date Reported:** 05/27/2025 | **Balance:** $60,774
**Credit Limit:** = | **High Credit:** $74,023

**Date Opened:** 02/10/2023
**Date of Last Activity:** =
**Scheduled Payment Amount:** $1,681
**Actual Payment Amount:** =
**Date of Last Payment:** 04/01/2025
**Term Duration:** 72 Months

**Date of 1st Delinquency:** 06/26/2024
**Date Major Delinquency 1st Reported:** =
**Amount Past Due:** $3,139
**Charge Off Amount:** =
**Date Closed:** =
**Activity Designator:** =

**Terms Frequency:** Monthly
**Months Reviewed:** 26
**Deferred Payment Start Date:** =
**Balloon Payment Amount:** =
**Balloon Payment Date:** =
**Narrative Code(s):** 214, 132

### Payment History

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2025 | 60 | 60 | 30 | 30 | = | | | | | | | |
| 2024 | ✓ | ✓ | ✓ | ✓ | ✓ | 30 | 30 | 30 | 30 | 30 | 30 | 60 |
| 2023 | = | = | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | 30 | ✓ | ✓ | ✓ |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| ✓ | Paid on Time | 30 | 30 Days Past Due | 60 | 60 Days Past Due | 90 | 90 Days Past Due | 120 | 120 Days Past Due |
| 150 | 150 Days Past Due | 180 | 180 Days Past Due | V | Voluntary Surrender | F | Foreclosure | C | Collection Account |
| CO | Charge Off | B | Included in Bankruptcy | R | Repossession | TN | Too New to Rate | = | No Data Available |

### 24 Month History  [24 Months NOT Shown]

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Last Payment Date | Past Due Amount | High Credit | Credit Limit | Narrative Codes |
|---|---|---|---|---|---|---|---|---|
| 04/25 | $59,945 | $1,681 | $3,400 | 04/01/2025 | $1,458 | $74,023 | = | 214, 132 |
| 03/25 | $62,432 | $1,681 | $1,700 | 03/07/2025 | $1,495 | $74,023 | = | 214, 132 |
| 02/25 | $63,297 | $1,681 | $1,700 | 02/18/2025 | $3,195 | $74,023 | = | 214, 132 |
| 01/25 | $64,047 | $1,681 | $1,700 | 01/15/2025 | $3,214 | $74,023 | = | 214, 132 |
| 12/24 | $64,855 | $1,681 | = | 11/22/2024 | $3,233 | $74,023 | = | 214, 132 |
| 11/24 | $63,904 | $1,681 | $1,700 | 11/22/2024 | $1,551 | $74,023 | = | 214, 132 |
| 10/24 | $64,648 | $1,681 | $1,700 | 10/11/2024 | $1,570 | $74,023 | = | 214, 132 |
| 09/24 | $65,455 | $1,681 | $1,700 | 08/30/2024 | $1,589 | $74,023 | = | 214, 132 |
| 08/24 | $66,135 | $1,681 | $1,700 | 08/08/2024 | $1,607 | $74,023 | = | 214, 132 |
| 07/24 | $66,916 | $1,681 | $1,700 | 07/10/2024 | $1,626 | $74,023 | = | 214, 132 |
| 06/24 | $67,593 | $1,681 | $1,687 | 05/24/2024 | $1,645 | $74,023 | = | 214, 132 |
| 05/24 | $66,632 | $1,681 | $1,687 | 05/24/2024 | = | $74,023 | = | 214, 132 |
| 04/24 | $67,389 | $1,681 | $1,681 | 04/05/2024 | = | $74,023 | = | 214, 132 |
| 03/24 | $68,014 | $1,681 | $1,711 | 03/01/2024 | = | $74,023 | = | 214, 132 |
| 02/24 | $68,787 | $1,681 | $1,681 | 02/07/2024 | = | $74,023 | = | 214, 132 |
| 01/24 | $69,512 | $1,681 | $1,681 | 01/17/2024 | = | $74,023 | = | 214, 132 |
| 12/23 | $70,088 | $1,681 | $1,668 | 12/20/2023 | = | $74,023 | = | 214, 132 |
| 11/23 | $71,451 | $1,681 | $3,362 | 10/01/2023 | = | $74,023 | = | 214, 132 |
| 10/23 | $71,451 | $1,681 | $3,362 | 10/24/2023 | = | $74,023 | = | 214, 132 |
| 09/23 | $72,037 | $1,681 | $1,668 | 09/26/2023 | = | $74,023 | = | 214, 132 |
| 08/23 | $72,658 | $1,681 | $1,690 | 08/17/2023 | = | $74,023 | = | 214, 132 |
| 07/23 | $73,227 | $1,681 | $1,681 | 07/13/2023 | = | $74,023 | = | 214, 132 |
| 06/23 | $73,853 | $1,681 | $1,690 | 05/31/2023 | = | $74,023 | = | 214, 132 |

# EXHIBIT B: WELLS FARGO BANK CARD SERVICE



# EXHIBIT C: CREDIT ONE BANK



# EXHIBIT D: JEFFERSON CAPITAL LLC



# EXHIBIT E: REV FEDERAL CREDIT UNION

